FILED
04/30/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 13, 2018 Session

# REGIONS COMMERCIAL EQUIPMENT FINANCE, LLC v. RICHARDS AVIATION INC., ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-14-1463     Walter L. Evans, Chancellor**

_____

## No. W2018-00033-COA-R3-CV

_____

In this appeal, the trial court granted summary judgment to a bank that financed the debtor's purchase of an aircraft; the court also dismissed the debtor's counterclaim based on fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation, and the debtor's motion seeking damages from the Receiver that had been appointed by the court to manage and sell the aircraft. We vacate the order granting summary judgment to the bank and remand the case for further consideration and entry of an order that complies with Tennessee Rule of Civil Procedure 56.04; in all other respects we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Shelby County Vacated in Part and Affirmed in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S.  BRANDON O. GIBSON, J., not participating.

Bruce S. Kramer, Patrick H. Morris, and Jacob W. Brown, Memphis, Tennessee, for the appellant, Richards Aviation, Inc.

Henry C. Shelton, III, Clarence A. Wilbon, and M. Roxana Rudolph, Memphis, Tennessee, for the appellee, Regions Commercial Equipment Finance, LLC.

## OPINION

## I.     FACTUAL AND PROCEDURAL HISTORY

Richards Aviation, Inc. provides executive aircraft management and private commercial aviation services.  On August 24, 2010, Richards entered into a joint venture, called RA-B2 JV, with B2 Aviation LLC ("B2") to operate a Lear 45 aircraft; they owned the aircraft as tenants in common, with Richards owning 1 percent and B2 owning 99

percent, the same ownership percentages they held in the joint venture. On August 17, 2012, Richards and B2 executed a promissory note in the principal sum of $8,000,000.00, payable to Regions Commercial Equipment Finance LLC, (the "Note") and a security agreement (the "Security Agreement"), wherein Richards and B2 granted Regions a first lien and security interest in the aircraft as collateral for the loan. Harry B. Boldt, Jr., B2's manager, signed a continuing guaranty agreement (the "Guaranty Agreement") in which he guaranteed payment of the Note in his individual capacity.

On March 31, 2014, Richards recorded a Notice of Lien on the Learjet pursuant to Tennessee Code Annotated sections 66-19-101 and -301 in the office of the Shelby County Register; the lien was in the amount of $273,768.63 for "[m]aintenance, repair, materials furnished, parts and materials, and work[ ] performed on the [aircraft] and related equipment" through February 1, 2014. On June 27 Richards filed another notice of lien incorporating the first notice and increasing the amount of claimed expenses to $335,988.21, through June 1. On July 30, Regions sent Richards, B2, and Mr. Boldt a letter informing them that Regions considered them to be in breach of the Security Agreement, and that it was accelerating payment of the Note and declaring the balance immediately due and payable. Neither Richards, B2, nor Mr. Boldt tendered payment.

On October 2, 2014, Regions filed a verified complaint against Richards, B2, and Mr. Boldt, asserting causes of action against Richards and B2 for breach of the Note and Security Agreement and against Mr. Boldt for breach of the Guaranty Agreement. Regions sought the appointment of a receiver to "preserve, protect and maximize the value of the collateral," with the authority, *inter alia*, to "maintain or operate the business of the Defendants and to take such actions as the Receiver, in his discretion, deems appropriate, including without limitation those actions necessary to complete the processing, collection, preservation and liquidation of the Receivership Assets and Operations." An order was entered on that day appointing Attorney John L. Ryder as Receiver and vesting him with the authority and specific powers "reasonably necessary to accomplish the purpose" of the receivership; the court also issued a fiat restraining the Defendants from "transferring, wasting, disposing, and converting all or any portion of any personal property . . . securing the indebtedness." On October 20 the court entered an order converting the October 2 order to a preliminary injunction; restraining the Defendants from doing certain acts; directing them to provide Regions with an accounting of all revenue generated from the aircraft since August 1, 2013; and requiring that they pay all revenues generated by the aircraft to the Receiver and surrender possession of it to him when requested.[1]

---

[1] Included in the technical record in this case is a separate Complaint filed by Richards against B2, RA-BA Joint Venture, John Ryder, in his capacity as Receiver, and Regions, bearing a file-stamped date of March 31, 2015. The complaint does not contain a case number, and the index to the technical record states that the document is "Richards Aviation, Inc.'s Complaint for Foreclosure of Mechanic's and Materialman's Lien (*from consolidated case CH-15-0434-1*)." The record includes an order entered January 6, 2016, consolidating case CH-15-0434-1 with the instant case, along with various pleadings

On April 23, 2015, Regions filed an Amended Verified Complaint adding Gary Kennedy, Richards' President and a director, as a defendant, and asserting a derivative claim against him for breach of fiduciary duty to the creditors of Richards. The amended complaint also requested that the lien filed by Richards be declared null and void or, alternatively, subordinate to that of Regions. Richards and Mr. Kennedy answered the amended complaint, asserting thirteen affirmative and other defenses on May 27; Richards also counterclaimed, asserting causes of action for fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation, each of which was based on Regions' alleged representations that Richards would not be held liable on the note for any amount in excess of its 1% interest in the joint venture. Regions duly answered the counterclaim.

Contemporaneously with filing the Amended Complaint, Regions filed a motion for summary judgment against Richards and B2, seeking a monetary judgment in the amount of $7,165,390.52, post-judgment interest, attorneys' fees and costs; the motion was supported by a Tennessee Rule of Civil Procedure 56.03 Statement of Undisputed Material Facts ("SMF"), and the exhibits which had been filed with the original complaint.[2] Richards responded to Regions' SMF on July 27, and included a statement of additional material facts which it contended were in dispute. On August 24 Richards filed the affidavit of Mr. Kennedy requesting additional time to take depositions and discovery in accordance with Rule 56.07. Regions replied to Richards' response and to the additional facts. Before the motion for summary judgment was heard, Regions moved to dismiss Richards' counterclaim for failure to state a claim under Tennessee Rule of Civil Procedure 12.02(6). Richards responded to the motion on January 4, 2016; included in the response was the declaration of Gary Kennedy in which, *inter alia*, he relates the circumstances surrounding the negotiations to finalize the Note and the Security Agreement between himself, as representative of Richards, and David May, Regions senior vice president, Jackson Parrish, a Regions vice president and loan officer, and Mike Skillern, Regions' equipment finance professional. On February 17, Richards filed a supplemental response to both motions. The motions were heard on February 19, and after hearing arguments, the court ruled from the bench, granting both motions.

On March 3, prior to the entry of the order memorializing the court's February 19 ruling, Regions filed a motion to have the court declare the summary judgment orally granted at the February 19 hearing a final judgment in accordance with Tennessee Rule

---

filed that case. To the extent pertinent to the issues herein, we have considered the pleadings in the consolidated case.

[2] Copies of the Note, Guaranty Agreement, Security Agreement, Notice of Lien that Richards filed with the Shelby County Register of Deeds, and the letter from counsel for Regions to the Defendants were attached and incorporated into the complaint.

of Civil Procedure 54.02.[3] In a supplemental memorandum in support of the motion filed on March 29, although not specifically related to the Rule 54.02 request, Regions requested that the court "state on the record its basis for granting the Motion [for Summary Judgment] in favor of Regions."[4] The court granted the motion in an order memorializing the oral ruling entered April 4.

On November 11, 2016, Regions moved for a *writ of inquiry*, asking the trial court to set the amount of judgment; that motion was heard on November 29, and on December 2, the trial court entered an Order of Judgment in favor of Regions against Richards in the

---

[3] As part of the motion, Regions acknowledged:

On February 19, 2016, this Court heard Regions' Motion for Summary Judgment as to its claims against Richards and Regions' Motion to Dismiss Richards' Counterclaims (collectively the "Motions"). After a full hearing, this Court decided in favor of Regions on both Motions, leaving pending numerous other issues among other parties: Regions' claims against Defendant Boldt on his guaranty, against B2Aviation LLC on the note, and against Richards' principal Gary Kennedy for breach of fiduciary duty; Richards' claim against all parties to foreclose its asserted but illegal lien; and, the Receiver's motion for relief against Richards and Gary Kennedy. As the Court's summary judgment resolves some, but not all, of the claims raised in this cause, it is not a final judgment absent an order under Tenn. R. Civ. Pro. 54.02.

[4] In the memorandum Regions acknowledged the requirement of Rule 56.04 and asserted:

The Tennessee Supreme Court has held that it is paramount that an order adjudicating a summary judgment motion contain the requisite legal basis for the ruling, as an order devoid of supportive legal rationale is subject to attack and may be set aside. [footnote citation omitted]

Regions set forth the dispositive facts and legal authority in support of its Motion, and also articulated them at the Hearing. Due to the length of the argument, the legal and factual points addressed by both parties during argument, as well as the Court's very pointed questions addressing some legal and factual issues while choosing not to address others, Regions understood that the Court found as follows:

a. Alabama law controls;
b. Richards defaulted under the terms of the Note and Agreement;
c. Richards is jointly and severally liable for the outstanding debt under the Note;
d. Richards' affirmative defenses, including fraud in the inducement and misrepresentation fail as a matter of law because they are barred by the Alabama Statute of Frauds;
e. Even if Tennessee law were to control this action, Richards' affirmative defenses still fail as there was no misrepresentation in which Richards could rely upon in defense of executing the Note and Agreement;
f. Consistent with Regions' plea in its Motion, the Court's ruling constitutes a final order in accordance with Tenn. R. Civ. Pro. 54.02.

amount of $4,320,260.80, consisting of principal, interest and costs of $4,071,626.77 as of February 17, 2016, together with interest since that date in the amount of $869.35 per day, totaling $248,634.10.[5]

On September 7, 2017, the Receiver moved to terminate the receivership. The trial court denied the motion without prejudice, ordered that the Receiver file a final accounting, and reset the motion for November 20. The Receiver filed his Final Report and Accounting on October 4, and on November 8, Richards filed a motion seeking damages against the Receiver and Regions for gross negligence, willful misconduct, failure to comply with the court's orders, bad faith, breach of fiduciary duty, misrepresentations, self-dealing, and failure to disclose material facts. The trial court heard both motions and entered its Final Order on December 8, terminating the receivership and denying Richards' motion seeking damages. Richards appeals, articulating the following issues:

> 1. Did the trial court err in granting summary judgment against Richards Aviation, Inc. when it failed to state the legal grounds upon which it granted summary judgment, and failed to include the legal grounds in the Orders reflecting the court's ruling, as required by Tenn. R. Civ. P. 56.04?

> 2. Did the trial court err in granting summary judgment against Richards Aviation, Inc., prior to Richards Aviation, Inc. having a meaningful opportunity to depose material witnesses related to its affirmative defenses and Counterclaims?

> 3. Did the trial court err in granting the Receiver's Motion to Terminate the Receivership and Discharge the Receiver and Denying Richards Aviation, Inc.'s Motion for Damages, where claims of gross negligence, willful misconduct, and material failure to comply with the trial court's Orders had been alleged by Richards Aviation, Inc. against the Receiver and were ripe for hearing by the trial court?

> 4. Did the trial court err in dismissing Richards Aviation, Inc.'s Counterclaims for failure to state a claim, without determining the legal sufficiency of the Counterclaims on the record?

---

[5] Richards filed a Notice of Appeal on December 30, 2016. On March 9, 2017, Richards moved to withdraw the appeal on the ground that the Order entered on December 2 "did not adjudicate all claims, . . . is not enforceable or appealable," and that "the trial court has not entered a final judgment from which a right to appeal exists, pursuant to Rule 3 of Tennessee Rules of Appellate Procedure." This court entered an order on March 17 granting the motion.

## II.  DISCUSSION

### A.  The Order Granting Summary Judgment to Regions

Tennessee Rule of Civil Procedure 56 governs summary judgment, which as our Supreme Court has instructed:

> is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.04.
>
> * * *
>
> . . . Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. . . When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03.  "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial."  Tenn. R. Civ. P. 56.06.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348.  The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. . . However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial.  Tenn. R. Civ. P. 56.04, 56.06.  The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Cntr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).  As noted in *Martin v. Norfolk Southern Ry. Co.*, the nonmoving party can meet its burden by:

6

(1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.0[7].

271 S.W.3d 76, 84 (Tenn. 2008) (quoting *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)).

We review the trial court's ruling on a motion for summary judgment *de novo* with no presumption of correctness, as the resolution of the motion is a matter of law. *Rye*, 477 S.W.3d at 250; *Martin*, 271 S.W.3d at 84; *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). We view the evidence in favor of the non-moving party by resolving all reasonable inferences in its favor and discarding all countervailing evidence. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey*, 90 S.W.3d at 695.

### 1.    Richards' Opportunity for Discovery

We first address Richards' argument that it did not have a meaningful opportunity to depose material witnesses related to the affirmative defenses and counterclaim.

As noted earlier, Regions filed the amended complaint along with the summary judgment motion and Rule 56.03 statement of undisputed facts on April 23, 2015; Richards answered the amended complaint and asserted a counterclaim on May 27. Richards filed its response to Regions' Rule 56.03 statement as well as its additional statement of material facts on July 27, to which Regions responded on August 24. Also on that day Richards filed the affidavit of Mr. Kennedy pursuant to Rule 56.07,[6] stating:

1.  I am the President of Richards Aviation, Inc. ("Richards") and making this Affidavit in my capacity therewith.

2.  Richards was the owner of a certain airplane which was the collateral in a receivership before this Court.

---

[6] Tennessee Rule of Civil Procedure 56.07 states:

Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

3.  Regions Commercial Equipment Finance, LLC ("Regions") has sued Richards for deficiency on the debt underlying Regions' security interest.

4.  Richards has filed a counterclaim.

5.  Regions has not responded in any way, shape, or form to the counterclaim.

6.  No official from Regions has denied any aspect of the counterclaim.

7.  Richards is desirous of taking the depositions of certain Regions personnel to confirm the allegations in the counterclaim.

8.  Richards has not had an opportunity to do so, because:

    (a) The plane just recently sold.

    (b) The funds have not yet been distributed.

    (c) Regions just received a certain net amount on its loan, of over $3 million.

    (d) The Motion for Summary Judgment is a relatively recent filing.

9.  As a result, pursuant to Tennessee Rule of Civil Procedure 56.07, Richards is requesting that the hearing on this Motion for Summary Judgment be continued to permit depositions to be taken and discovery to be had, pursuant to the wording of Tennessee Rule 56.07.

10.  Richards is asking for six months to pursue those remedies afforded in Tennessee Rule of Civil Procedure 56.07.

The next day, the trial court held a hearing on the motion for summary judgment. At the beginning of the hearing, Richards' counsel requested additional time to take the depositions of several of Regions' officers, stating that counsel had only received Regions' answer to the counterclaim and statement of additional facts the day before. With respect to the merits of the motion, counsel argued in pertinent part:

THE COURT: He said on the issue of liability is undisputed; is that correct?

MR. McLAREN [counsel for Richards]: That is not correct. We say in our answer and our affirmative defenses that we owe zero. That we owe zero

8

and we name names and give reasons and one of the reasons is that they're barred because the bank said we will go after Boldt the comaker. And the bank had in its possession a joint venture agreement in which Mr. Kennedy was a 1 percent owner of this airplane. Boldt is a 99 percent owner of this airplane. And based on the answer and counterclaim Mr. Kennedy says well, the bank said they were always going to go after Boldt period. We want to take some discovery on that. We want to talk to the two individuals who we name in the answer and counterclaim, talk to them and take their depositions because we want to find out with that minimum of discovery where that takes us. We say in our answer and counterclaim, which until yesterday was undisputed to induce Richards to enter into the note. Regions said that Mr. Boldt was the party in the transaction with credit strength and Regions would look to Mr. Boldt for payment of the note. . . . Now, if we prevail on those issues or if there's a factual issue and I believe today there is. But either way the bank gets nothing from Mr. Richards. We claim fraudulent inducement. We claim these other acts. We claim pursuant to 56.06 that the motion isn't right for hearing, that there's been no discovery yet.

Counsel initially requested 120 days to take the depositions, but acknowledged he could get his discovery completed in 60 days "if we compress everything." At the conclusion of the hearing, the court reset the hearing on the motion for November 18, a date with which each party's counsel agreed. Before any depositions were taken, Richards' counsel moved to withdraw; the court granted the motion and reset the motion for summary judgment hearing for December 11.[7] Richards secured a new attorney, who noticed his appearance on December 2.

On February 2, 2016, Richards filed notices of deposition of four of Regions' officers, setting their depositions for February 15. Regions moved to quash the notices and for a protective order; on February 11, the trial court entered an Agreed Protective Order that delineated rules governing the treatment of any confidential information produced during the course of discovery. Also pertinent to this issue, Regions states in its brief on appeal:

On February 12, 2016, Counsel for Richards voluntarily withdrew its deposition notices and agreed that Richards would not argue that it had not had an opportunity to depose the Regions employees as a defense at hearing

---

[7] The hearing did not take place until February 19, 2016; the reason the hearing was continued is not clear from the record.

on Regions' Motion for Summary Judgment and Motion to Dismiss scheduled for February 19, 2016.[8]

On February 17, Richards filed a supplemental response in opposition to Regions' motion; in that response, Richards did not ask for any additional time for discovery. The motion for summary judgment was heard and granted at a hearing held on February 19. During the hearing, Richards' counsel did not ask for additional time to perform more discovery or to take the depositions which he had noticed on February 2.

Richards' request for time to conduct discovery, filed on August 24, 2015, was granted; Richards asked for 120 days and ended up getting nearly 180. Despite being granted the time it requested, Richards did not file notices of deposition until less than three weeks before the summary judgment hearing; it later struck those notices. Further, Richards never asked for additional time to engage in more discovery or take depositions of Regions' officers. Richards has failed to identify any ruling or other action taken by the court or Regions that prevented it from taking the discovery it desired or felt was necessary to respond to the motion. Thus, its argument is without merit. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

### 2. The Court's Ruling

At the conclusion of the summary judgment hearing, the court issued an oral ruling, holding:

> The Court has considered the well reasoned arguments of both attorneys. And the Court is of the opinion that the motion for summary judgment filed on behalf of Regions Commercial Equipment Finance is well taken and will be granted.
>
> Likewise, the Court is of the opinion that the motion to dismiss filed on behalf of Regions against -- on the motion to dismiss the counter-claim of Richards, likewise, well taken. And the Court will grant the motion to dismiss both motions for summary judgement, as well as the motion to dismiss.
>
> Prepare the appropriate order, Mr. Wilbon.[9]

---

[8] Richards does not dispute this statement in its Reply Brief.

[9] Mr. Wilbon was counsel for Regions at the summary judgment hearing.

10

The parties thereafter submitted a proposed order;[10] without making any substantive changes, the trial court entered the proposed order on April 4.  That order states in full:

> On February 19, 2016 in open court, the Court heard the Motions of Plaintiff, Regions Commercial Equipment Finance, LLC ("Regions'"), for Summary Judgment against Richards Aviation, Inc., and to Dismiss Defendant Richards Aviation, Inc.'s Counterclaims.
>
> Upon Regions' Motions, its Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, and Memoranda it; support thereof; Richards Aviation, Inc.'s Response and Supplemental Response in Opposition to Regions' Motion to Dismiss Richards' Counterclaims, its Response in Opposition to Regions' Motion for Summary Judgment, Memorandum in Support of Opposition, Response to Regions' Statement of Undisputed Material Facts and Statement of Additional Material Facts, and the Declaration of Gary Kennedy in Support of Richards Aviation, Inc.'s Responses in Opposition to Regions' Motion for Summary Judgment and Motion to Dismiss Counterclaims; the arguments of counsel; and the entire record, the Court hereby finds as follows:
>
> On or about August 17, 2012, Richards Aviation, Inc.[,] and Defendant[,] B2 Aviation, LLC[,] executed a promissory note in favor of Regions related to an aircraft. No genuine issue of material fact exists and summary judgment should be entered in favor of Regions against Richards Aviation, Inc. In addition, Richards Aviation, Inc.'s Counterclaims against Regions fail to state a claim upon which relief may be granted:
>
> Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that no genuine issues of material fact exist and that Regions' Motion for Summary Judgment against Richards Aviation, Inc. as to liability on the promissory note is well-taken and is GRANTED.
>
> It is further ORDERED, ADJUDGED AND DECREED that the Counterclaims of Richards Aviation, Inc. fail to state a claim upon which relief can be granted and that Regions' Motion to Dismiss Richards Aviation, Inc.'s Counter Claims is well-taken and is GRANTED.

Richards argues, inter alia, that the order does not comply with Tennessee Rule of Civil Procedure 56.04, which requires that the trial court "state the legal grounds upon which the court denies or grants the motion" and include those grounds "in the order

---

[10] The order was signed "Approved For Entry As To Form Only" by counsel for Regions and Richards and by the Receiver.

reflecting the court's ruling." We agree with Richards. The trial court is required to state the grounds for its decision before requesting that a party prepare a proposed order. *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014). This requirement assures that "the decision is the trial court's, [it also] assure[s] the parties that the trial court independently considered their arguments, (2) enable[s] the reviewing courts to ascertain the basis for the trial court's decision, and (3) promote[s] independent, logical decision-making." *Id.* at 316-17. There are several ways a trial court can comply with the requirement:

> First, the trial court may state the grounds for its decision at the same time it announces its decision on the record. Second, the trial court may announce its decision and inform counsel that it will provide the grounds in a subsequently filed memorandum or memorandum opinion. Third, after announcing its decision, the trial court may notify the parties of the grounds for its decision by letter, as long as the letter has been provided to all parties and has been made part of the record.

*Id.* at 316 n. 28.

At the hearing on the motion, the trial court's only stated reason for granting summary judgment was that the motion was "well taken"; it then asked Richards' counsel to prepare an order memorializing the court's ruling. Contrary to the instruction in *Smith,* the order does not contain the legal grounds on which the court made its decision; neither the oral ruling (which was not incorporated into the written order) or the written order explain how the undisputed facts show Richards' breach of that agreement or how the facts which Richards contended were disputed did not create a genuine issue for trial. *See Smith*, 439 S.W.3d at 314 (stating that "a trial court's decision to either grant or deny a summary judgment [should be] adequately explained.").

Regions argues that the basis for the trial court's decision can be "readily gleaned from the record" and the lack of explicitly stated grounds "does not significantly hamper the review of the trial court's decision," and we should therefore affirm the trial court's grant of summary judgment. A similar argument was made and rejected in *Smith v. UHS of Lakeside,* wherein the court noted that statement of the legal grounds for the decision to grant the motion was made mandatory to "promote respect for and acceptance of not only the particular decision but also for the legal system," and that "skeletal orders containing no explanation of the reasons for granting the summary judgment were complicating the ability of appellate courts to review the trial court's decision." *Id.* at 313. While the Supreme Court acknowledged this Court's "reticen[ce] to vacate summary judgment orders that plainly do not comply with Tenn. R. Civ. P. 56.04 and to remand them to the trial court or further consideration," the Supreme Court held that:

12

[T]he resolution of issues related to the trial court's compliance or lack of compliance with Tenn. R. Civ. P. 56.04 should also take into consideration the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained and is the product of the trial court's independent judgment.

*Id.* at 314. As noted earlier, neither the oral ruling nor the written order give the factual or legal basis of the court's ruling and, contrary to Regions' argument, the basis not readily apparent; neither is there any indication that the court considered the disputed facts or Richards' affirmative defenses.[11]

On the record presented, and particularly in light of the contested issues identified in the parties' Rule 56.03 SMFs, we decline to "'perform the equivalent of an archeological dig [to] endeavor to reconstruct the probable basis for the [trial] court's decision.'" *Id*. at 314 (quoting *Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000)).[12] Accordingly, we vacate the order granting summary judgment to Regions and remand the case for reconsideration, with the court to enter an order that complies with Rule 56.04 and that specifically addresses the affirmative defenses raised by Richards .

## B.    Order Dismissing Richard's Counterclaim[13]

---

[11] The fact that the claims of fraudulent inducement, fraudulent misrepresentation and negligent misrepresentation in the counterclaim were barred by the Alabama statute of frauds does not prevent the introduction of evidence of such behavior as support for the affirmative defenses.

[12] In this regard, we note that many of Regions' responses to Richards' statements of fact disputed the fact but stated that "this assertion is irrelevant to the determination of Plaintiff's Motion for Summary Judgment." There is no indication in the record that the trial court ruled on the relevance of any disputed fact.

[13] The Amended Complaint alleges that the promissory note upon which the suit is based was executed on August 17, 2012, and the Promissory Note, Continuing Guaranty Agreement, and Aircraft Security Agreement appended thereto each bear that date. The counterclaim alleges that Gary Kennedy met with Regions' representatives on August 23, 2010, with those negotiations leading to Richards' executing the note on August 27, 2010. The counterclaim further alleges that:

> In 2012, when the 2010 Note and 2010 Security Agreement were coming up for renewal, Mr. Parrish [Regions' Vice President and loan officer] reiterated to Richards the same assurances as at the August 23 [2010] meeting, and Mr. Parrish told Richards that there were no other ways to structure a transaction to renew the 2010 Note other than by signing the Note and Security Agreement.

The order granting Regions summary judgment and dismissing Richards' counterclaim only addressed the note executed August 17, 2012, and did not address any representations made by Regions in either 2010 or 2012.

Richards' filed a counterclaim, asserting that Regions fraudulently induced it to enter into the Note and Security Agreement, and fraudulently and negligently misrepresented that Richards would not be held liable for any deficiency in excess of its 1 percent interest in the aircraft.[14]  Regions moved to dismiss the counterclaim for failure to state a claim for relief pursuant to Tennessee Rule of Civil Procedure 12.02(6); the court granted the motion.

A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009).  A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn. 2005)).  In considering a motion to dismiss, courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med of Am., Inc. v. Allstate Insurance Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007).  We review the trial court's legal conclusions regarding the adequacy of the complaint *de novo*. *Brown,* 328 S.W.3d at 855; *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

In its brief on appeal, Regions argues that, taking the factual allegations as true, the counterclaims fail to state a claim for relief because they are barred by the Alabama statute of frauds.  Regions asserts that the 2012 Note provides that it is to be "governed by, and construed in accordance with, the statutes and laws of the State of Alabama," and Alabama law requires that promises such as the one that serves as the basis of the counterclaim must be in writing.[15]  Richards does not address this argument in its Reply Brief.

---

[14] These were also raised as affirmative defenses in the answer to the complaint.

[15] The Alabama statute of frauds states in pertinent part:

> In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
> * * *
> (7) Every agreement or commitment to lend money, delay or forebear repayment thereof or to modify the provisions of such an agreement or commitment except for consumer loans with a principal amount financed less than $25,000;

14

The note and security agreement state they are to be "governed in all respects, and construed and enforced in accordance with, the laws of the State of Alabama, excluding conflicts of laws principles." Under Alabama's statute of frauds, agreements to lend money or to modify the provisions of the agreement are void unless made in writing. Ala. Code § 8-9-2(7). The counterclaim is based on alleged statements and representations by representatives of Regions that Richards' liability under the Note would be limited to one percent; because these statements were not made in writing and vary the terms of the Note and Security Agreement, they are void under section 8-9-2 and cannot sustain a cause of action. *Holman v. Childersburg Bancorporation, Inc.*, 852 So. 2d 691, 699 (Ala. 2002) (noting that "[a]s a general rule, [i]f the proof of a promise or contract, *void under the statute of frauds,* is essential to maintain the action, there may be no recovery." (citations omitted) (emphasis in original).[16] Further, the Alabama Supreme Court has ruled that Alabama does not recognize a "fraud-in-the-inducement exception" to the statute of frauds. *Nix v. Wick*, 66 So. 3d 209, 219 (Ala. 2010) (holding that "this Court has rejected the fraud-in-the-inducement exception to the Statute of Frauds."). Accordingly, the motion to dismiss the counterclaim was properly granted.

## C. Order Terminating the Receivership and Discharging Receiver and Denying Richards' Motion for Damages

On November 8, 2017, Richards moved the court for an award of damages to be assessed against the Receiver and Regions. The motion alleged a course of events relating to the Receiver's management and ultimate sale of the aircraft and leading to its sale and asserted that the receiver was guilty of: (1) gross negligence, willful misconduct and/or material failure to comply with the court's orders, and (2) bad faith, breach of fiduciary duty, misrepresentations, self-dealing, and failure to disclose material facts. The Receiver responded to the motion. On December 8, the court entered an order denying the motion.[17]

---

Ala. Code § 8-9-2.

[16] In *Holman*, the Alabama Supreme Court held:

> In accord with the general rule, we hold that where, as here, an element of a tort claim turns on the existence of an alleged agreement that cannot, consistent with the Statute of Frauds, be proved to support a breach-of-contract claim, the Statute of Frauds also bars proof of that agreement to support the tort claim. Were the rule otherwise, the Statute of Frauds could be effectively avoided by the simple wording of the complaint.

852 So. 2d at 701.

[17] The order stated in pertinent part:

> This matter came before the Court on November 20, 2017, on the Receiver's Motion to

Richards contends that "[t]he dismissal was invalid, because the trial court gave no explanation for it. By summarily denying Richards Aviation's claims against the Receiver, the trial court provided no basis for its decision and nothing for this Court to review."

When Richards' filed its Notice of Appeal, however, it did not name the Receiver as an appellee; consequently, the Receiver is not a party to this appeal and has not filed a brief or otherwise participated in the appeal.[18] While none of the appellate rules specifically addresses this issue, Tennessee Rule of Appellate Procedure 5 requires that the appellant serve all parties to the appeal with a copy of the notice of appeal, *see* Tenn. R. App. P. 5(a), and that the clerk enter the appeal on the docket upon receipt of the notice and serve a notice on each party of the docketing of the appeal. *See* Tenn. R. App. P. 5(c). Inasmuch as the receiver was not a party to the appeal and has not participated in any fashion, we deem this issue waived. *See* Tenn. R. App. P. 3(e) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.")

---

Terminate the Receivership and Discharge the Receiver and Defendant Richards Aviation, Inc.'s ("Richards") Motion for Damages Against John L. Ryder, as Receiver, and Regions Commercial Equipment Finance, LLC ("Regions"). Based on the motions, the responses in opposition to Richards' motion filed by the Receiver and Regions, the statements and arguments of counsel, and the entire record of this cause, the Court finds that the Receiver's motion is well taken and shall be GRANTED. All other pending and unresolved petitions and motions are DENIED without further hearing. The Court specifically finds as follows:

1. The Receiver has fulfilled his duties and responsibilities under the Order Appointing Receiver.

2. Based on the performance by the Receiver of his duties under the provisions of the Court's orders, the purpose of the Receivership has been accomplished and the need for the Receivership has ceased.

3. The Receiver has filed his Final Accounting and Report.

\*\*\*

IT IS ALSO ORDERED AND DECREED that Mr. Ryder shall be discharged of all obligations as the Court appointed Receiver in this case without further action or orders of this Court;

IT IS FURTHER ORDERED AND DECREED that Richards' Motion for Damages against the Receiver and Regions is denied[.]

[18] It does not appear from the certificates of service on Richards' main brief and reply brief and Regions brief that the Receiver was served with copies of either.

Richards also argues that the Receiver does not need to be a party to this appeal for this Court to review the trial court's actions relative to its motion for damages against the Receiver because the Receiver's "interests in the outcome of this appeal are coextensive with Regions' own." This argument is unavailing. In its motion, Richards sought damages from the Receiver separate and apart from the damages it sought from Regions. Regions had no duty or responsibility to defend the Receiver's actions.

## III. CONCLUSION

For the foregoing reasons, we vacate the grant of summary judgment and remand the case for further consideration in accordance with this opinion, and for the entry of an order that complies with Tenn. R. Civ. P. 56.04; in all other respects, the judgment is affirmed.

RICHARD H. DINKINS, JUDGE